[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action arises out of a claim of negligence by the plaintiffs, Joseph and Elizabeth Krygier, against the defendant, Fuller and Co., Inc., surveyors. The claim stems from a survey by the defendant performed September 30, 1974 on land of one, Louis C. Kadar. Based on its survey, the defendant prepared a map for Radar subdividing his property into Lots No. 1 and 2, as shown on said map Ex. A. The alleged negligence, admitted by the defendant, consisted of placing an old garage some 38 feet east of the easterly boundary line of Lot No. 1, instead of the correct location, 53+ feet east of said easterly boundary line.
On February 3, 1975, Kadar conveyed Lot No. 1 to the plaintiffs. Since that date, the plaintiffs allege that they used, maintained, landscaped and located a portion of their driveway and stone walls on the easterly portion of Lot No. 1, up to a line 38 feet from the old garage located on Lot No. 2. CT Page 6529-R
On August 29, 1983, purchasers named Dolan bought Lot No. 2. Upon surveying said lot in October 1989, the inaccuracy in the placement of the old garage was discovered and the Dolan's constructed a fence which resulted in blocking the plaintiffs from access and the use of a portion of the easterly part of their property. The fence was constructed in May 1990, and the plaintiffs instituted this action on June 8, 1990.
To the plaintiffs' complaint, the defendant filed a special defense of the statute of limitations. The plaintiffs then sought to amend their complaint, which was granted, alleging that the defendant's negligence was a continuing course of conduct which required it to warn the plaintiffs, relying on the doctrine that the statute of limitations does not begin to run until such course of conduct is completed. Cross v. Huttenlocher, 185 Conn. 390, 400.
In passing, it should be noted that the defendant has argued that even if a continuing duty to warn existed, the plaintiffs were apprised of facts during the period from 1974 through 1979, which should have put them on notice of the alleged negligence, thus tolling the statute of limitations, at the latest in 1979. CT Page 6529-S
From the view this court takes of this case, it is not necessary to consider this argument. Negligence actions are governed by General Statutes 52-584. Section 52-584 provides:
 No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanitorium, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of. . . .
(Emphasis added.) In the instant action, the act or omission complained of, the negligent preparation of the subdivision map, occurred on September 30, 1974. Accordingly, at the most, the plaintiffs had three (3) years from said date to institute an action, or until September 30, 1977. The plaintiffs, however, did not bring this action until June 13, 1990, sixteen (16) years after the act or omission complained of. CT Page 6529-T
However, the plaintiffs argue that the defendant had a continuing duty to warn the plaintiffs of its negligent act, and, therefore the statute of limitations did not begin to run until the plaintiffs learned of the defendant's negligence in October of 1988. An exception to the three (3) year statute of limitations exists where "the wrong sued upon consists of a continuing course of conduct. . . ." Handler v. Remington Arms Co., 144 Conn. 316, 321,130 A.2d 793 (1957). "Because the negligent failure to warn is a continuing course of conduct, the statute of limitations does not begin to run until the course of conduct is completed." (Citations omitted.) Cross v. Huttenlocher, 185 Conn. 390, 400, 440 A.2d 952 (1981).
"`To support a finding of a "continuing course of conduct" that may toll the statute of limitations there must be evidence of the breach of a duty that remained in existence after commission of the original wrong related thereto.'" Connell v. Colwell,214 Conn. 242, 254, 571 A.2d 116 (1990), quoting Fichera v. Mine Hill Corp., 207 Conn. 204, 209, 541 A.2d 472 (1988). "[T]he continuing course of conduct is not the failure of the alleged tortfeasor to notify the plaintiff of his wrongdoing . . .[;] it consists, rather, CT Page 6529-U of `either a special relationship between the parties giving rise to such a duty or some later wrongful conduct of a defendant related to the prior act.'" Id., 255, quoting Fichera, supra, 210.
The plaintiffs cite no case law, and extensive research has revealed none, which places upon a surveyor a continuing duty to warn of his negligence. The plaintiffs neither claim any special relationship with the defendant that would create a continuing duty nor do they allege any subsequent acts of the defendant which would support a finding of a continuing course of conduct. Rather, the only thing which the plaintiffs rely upon in support of their argument is the case of R.A. Civitello Co. v. New Haven,6 Conn. App. 212, 504 A.2d 542 (1986).
In R.A. Civitello Co. v. New Haven, supra, the court stated that "`because the negligent failure to warn is a continuing course of conduct' . . ., without General Statutes 52-584a, which provides, in pertinent part:
 No action . . ., whether in contract, in tort, or otherwise, (1) to recover damages (A) for any deficiency in the design, planning, CT Page 6529-V contract administration, supervision . . . of an improvement to real property; (B) for injury to property, real or personal, arising out of any such deficiency; (C) injury to the person or for wrongful death arising out of any such deficiency . . . shall be brought against any architect or professional engineer performing or furnishing the design, planning, supervision . . . of such improvement more than seven years after substantial completion of such improvement,
the legal door would be open to a negligence action years after completion of construction or improvement, based upon claimed breach by an architect or engineer of a continuing duty to warn of a defect." Id., 226. An architect's or engineer's continuing duty to warn arises from "`the general rule that the seller is liable for negligence in the manufacture or sale of any product which may reasonably be expected to be capable of inflicting substantial harm if it is defective.'" (Emphasis added.) Id., 225, quoting Coburn v. Lenox Homes, Inc., 173 Conn. 567, 378 A.2d 599 (1977). Such continuing duty to warn is "`imposed, however, only if it is foreseeable that the [defendant's] work, if negligently done, may cause damage to the property or injury to persons living on or CT Page 6529-W using the premises.'" (Citations omitted.) Coburn, supra, 575. In the instant action, the defendant's negligence (i.e. the incorrect placement of the garage on the subdivision map) would not reasonably be expected to be capable conflicting substantial harm. The court finds that a surveyor does not have a continuing duty to warn of its negligence. Accordingly, the statute of limitations commenced to run on September 30, 1974, and the instant action, filed June 13, 1990, is barred by the three (3) year statute of limitations.
Judgment may enter in favor of the defendant.
Belinkie, Referee.
Addendum
After this memorandum was dictated, our Appellate Court, in the case of Nardi v. AA Electronic Security Engineering, Inc., Et Al, 32 Conn. App. 205,211, 212, 213, 214, has rendered its decision on this precise issue, "continuing duty to warn," squarely in accord with the opinion in this courts memorandum. CT Page 6529-X